## MARVIN v. GOTSHALL.

*(Circuit Court, D. Minnesota. December 24, 1888.)*

PATENTS FOR INVENTIONS—COMBINATION—NOVELTY—DRAUGHT EQUALIZERS.

Letters patent No. 172,756, issued January 25, 1876, to Richard M. Marvin, for a draught equalizer used in the attachment of three horses to harvesters and other machinery, describe a combination, some of the elements of which were to be found in the device described in letters patent issued December 19, 1865, to Edwin J. Toof for the same purpose, while others were to be found in the device described in letters patent No. 68,673, issued September 10, 1867, to H. J. Wattles for a similar contrivance. It did not appear that the exact combination of the Marvin patent had been known prior to his invention, but it was clearly shown that it was one of merit, and that its results were beneficial. *Held*, that it was not void for want of patentable novelty.

At Law. On motion for new trial.

For former hearing and statement of case, see 36 Fed. Rep. 314.

*Charles S. Careins,* for plaintiff.

*Woods, Hahn & Kingman,* for defendant.

SHIRAS, J. Upon the hearing of this cause in September last, a judgment for damages was awarded against defendant for a nominal amount, the effect thereof being a holding that a patent issued to plaintiff on the 25th of January, 1876, for an improvement in draught equalizers when used in harvesters and other like machines, was a valid patent, and not void for want of patentable novelty. The motion for new trial is upon two grounds: *First,* that the conclusion reached upon the case as presented at the hearing is erroneous; and, *second,* that defendant has since the trial discovered the fact that on September 10, 1867, there was issued to H. J. Wattles a patent, No. 68,673, the specifications of which disclose a combination which shows that Marvin's alleged invention had been anticipated and made public. Counsel have reargued the question of patentable novelty or the lack of it in the Marvin combination, not only as the same was presented by the evidence on the hearing, but in the light of the matters appearing in the drawings and specifications attached to the Wattles patent. The opinion of the court upon the hearing will be found in 36 Fed. Rep. 314, to which reference can be made for a description of plaintiff's combination and the uses and purposes thereof.

In the Wattles combination is found an evener and a spreader. The former is not connected with the pole or tongue of the machine, but is attached by hooks directly to the axle of the machine. As a whole, the combination therein presented does not resemble the Marvin combination as nearly as does that found in the patent issued to Edwin J. Toof, which was fully considered in the opinion originally filed herein. If the latter does not anticipate the Marvin combination, then certainly the Wattles invention does not. But counsel for defendant argue that the Wattles machine shows a spreader attached to the tongue, and that, by taking it out of the Wattles combination and combining it with the Toof invention, we would have the Marvin combination, and that to do this

would not require the exercise of inventive skill. Herein lies the pivotal question of the case. It is not necessary, to secure patentability, that the elements or any one of them entering into a given combination shall be new. The several elements may be well known, but if the combination be novel, and the several elements co-act in producing the result, and the result be beneficial, then the combination will be patentable, if it required inventive skill to conceive of the idea of making the combination. It was not shown upon the hearing of this cause, nor is it now claimed, that the exact combination appearing in plaintiff's patent had been known before his invention. It was claimed that the essential features thereof were found in the Toof patent, and that it did not require inventive skill to make the changes appearing in the Marvin combination. It is practically, therefore, admitted that there is novelty in the combination, but it is asserted that it is mechanical novelty or improvement, and not the product of invention. That the several elements in the Marvin combination co-operate in producing the result is not questioned, nor can it be successfully denied that the result obtained is beneficial. The fact that plaintiff's rights are stubbornly contested, and that defendant seeks to continue the complained of infringment, clearly demonstrates that the Marvin combination is recognized to be one of merit, and its results to be beneficial. Thus we find that the decisive point in the case is the one already stated, to-wit, whether it required inventive skill to combine the several elements found in the Marvin combination in the mode they are therein combined, admitting the fact that the tongue, the evener, the spreader, and the levers forming the combination were old. As was stated in the opinion already given, the question thus presented is one not free from doubt. The plaintiff, however, has the presumption in his favor, arising from the fact that the patent-office has granted him a patent upon the combination, and the court cannot set this aside unless it is made to appear with reasonable clearness and certainty that there is a lack of patentable novelty in the combination. The various devices appearing in the Wattles, Thomas, Graham, and Toof patents had been made public, and yet, so far as has been made to appear in this cause, no one, even with the aid these prior patents afforded, had produced the combination found in plaintiff's invention, although it pertains to a class of machines that are widely used, and which are manufactured by many rival establishments. If the improvement found in plaintiff's combination is mechanical only, why was it not availed of at an earlier day? It may be, and doubtless is, true, that the several elements found in the Marvin patent were well known, and that each had been used for its own specific purpose in many other machines; and it is also true that others before Marvin had produced combinations of some of these elements, with a view to producing results obtained by Marvin; but it is no less true that none had hit upon the exact combination produced by him, and that, when his combination became known, its superior merits had brought it into use. These facts tend to show that it required inventive skill to produce the combination, and it was upon these facts, combined with the legal presumption in favor of the

validity of the patent, that judgment went for plaintiff in the trial of the cause. The presentation of the petition for a new trial has only tended to make more clear the fact that the sole question involved is that of inventive skill in producing the combination, yet upon this, the pivotal point, no new light has been shed upon the case. It was a doubtful question when the original hearing was had. The earnestness and zeal with which counsel for defendant have re-presented their views may have accentuated the doubt, but nothing has been adduced which satisfies the court that upon a new trial a different result would be reached. Consequently the petition for a rehearing must be denied.